UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DOZR, LTD;

    Plaintiff;

Case No. 8:22-cv-01042

vs.

BIGHORN CONSTRUCTION AND
RECLAMATION, LLC;

    Defendant.

## COMPLAINT

Dozr, Ltd., by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues Bighorn Construction and Reclamation, LLC, and states:

**Parties, Jurisdiction, Venue**

1. Dozr, Ltd is a Delaware corporation with its principle location in Ontario, Canada ("Dozr"). Dozr operates a technology platform that brings together equipment owners with equipment renters and purchasers.

2. Bighorn Construction and Reclamation, LLC is a Wyoming corporation registered to do business in Florida ("Bighorn"). Bighorn is generally engaged in construction, though it does not have a primary qualifying agent in Florida.

3. This lawsuit is an action for damages in excess of $75,000.00, not including attorneys' fees, costs, and interest. Specifically, Dozr is owed no less than $404,000.00 by Bighorn.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2), because the construction project giving rise to this claim was performed in Polk County, Florida and the equipment provided by Dozr was provided in Polk County, Florida.

6. All conditions precedent to the institution of this action have occurred or been waived.

### General Allegations

7. On information and belief, in early 2020, Ecoplexus, Inc ("Ecoplexus"). entered into an agreement with Tampa Electric Company for the purpose of constructing a grid-connected photovoltaic solar energy production facility, generally known as the "Durrance Solar Project."

8. The Durrance Solar Project is located on Durrance Road in Mulberry, Florida, which is located in Polk County, Florida.

9. Subsequently, Ecoplexus then entered into an agreement with Bighorn to provide certain construction services for the Durrance Solar Project.

10. Alternatively, Ecoplexus entered into an agreement with Bridgelink Engineering, LLC ("Bridgelink") to provide certain construction services for the Durrance Solar Project. Bridglink then entered into an agreement with Bighorn to provide a portion of those construction services, also for the Durrance Solar Project.

11. In either case, Bighorn, after being brought into the Durrance Solar Project, contacted Dozr to provide certain rental equipment for use at the Durrance Solar Project.

12. Over the course of several months, in 2021 Dozr provided In July 2021, Dozr provided a 40,000lb bulldozer, a 50,000lb bulldozer, an 80,000lb bulldozer, two 50 ton excavators, two 30 ton dump trucks, 2 80/100,000lb bulldozers, a 12,000lb telehandler, and a drt six way blade (collectively, the "Equipment").

13. The pricing for the Equipment was set forth in a series of quotes attached hereto as Composite Exhibit A.

14. Bighorn accepted each of these quotes, and the quotes, along with the rental agreement attached to each formed the contract between Bighorn and Dozr.

15. Dozr provided the first of the Equipment for Bighorn's use at the Durrance Solar Project in July 2021.

16. Dozr provided the Equipment to Bighorn through the end of September 2021.

17. At the time Bighorn returned the Equipment to Dozr, the total due to Dozr was $404,190.88.

18. Since then, Dozr has repeatedly requested payment from Bighorn, but has received nothing.

19. As a result, Bighorn has been required to engage the undersigned law firm and pay their fees and costs.

20. On January 14, 2022, counsel for Dozr sent a formal demand to Bighorn, including a demand for copy of contract and statement of amount due pursuant to § 713.16, *Florida Statutes*. A copy of this letter is attached hereto as Exhibit B.

21. As of the date of this lawsuit, neither Dozr nor its counsel received payment from Bighorn.

**Count I – Breach of Contract**

22. Dozr hereby realleges paragraphs 1 through 21 as if fully set forth herein.

23. Dozr's quotes for the Bulldozers, along with the rental agreement attached thereto, were accepted and agreed to by Bighorn and constituted a valid contract between Dozr and Bighorn.

24. Dozr fully performed its obligations under that contract.

25. Despite this, Bighorn breached the contract by failing to pay Dozr.

26. This breach of contract by Bighorn damaged Dozr.

WHEREFORE Dozr respectfully requests that this Court enter judgment in its favor and against Bighorn, and award it damages, attorneys' fees, costs, interest, and any other relief this Court deems just or proper.

### Count II – Unjust Enrichment or Quantum Meruit
### (pleaded in the alternative)

27. Dozr hereby realleges paragraphs 1 through 12 as if fully set forth herein.

28. The Equipment provided by Dozr allowed Bighorn to request and/or obtain payment for its work performed at the Durrance Solar Project.

29. By providing Bighorn the Bulldozers, Dozr conferred a benefit on Bighorn.

30. Bighorn knowingly and willingly accepted this benefit.

31. Despite this, Bighorn did not pay Dozr for the provision of this benefit.

32. It would be inequitable for Bighorn to receive the benefit provided by Dozr withour paying for the value thereof.

WHEREFORE Dozr respectfully requests that this Court enter judgment in its favor and against Bighorn, and award it damages, costs, interest, and any other relief this Court deems just or proper.

Respectfully submitted this 4th day of May, 2022

DINSMORE & SHOHL, LLP
*Counsel for Dozr*

**/s/ Jason S. Lambert**
JASON S. LAMBERT, ESQ.
Florida Bar No. 101121
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Telephone (813) 543-9848

Primary: jason.lambert@dinsmore.com
Secondary: jessica.lovins@dinsmore.com
Secondary: eileen.garvey@dinsmore.com