UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOZR, LTD.,

       Plaintiff,

v.                              Case No. 8:22-cv-1042-TPB-AEP

BIGHORN CONSTRUCTION
AND RECLAMATION, LLC,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

      This cause comes before the Court upon Plaintiff DOZR LTD.'s Renewed Motion for Default Judgment[1] ("Motion") (Doc. 22). Pursuant to Federal Rule of Civil Procedure 55, Plaintiff seeks entry of a default judgment against Defendant Bighorn Construction and Reclamation LLC based upon Defendant's failure to answer the Complaint. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted.

### I.    Background

      On May 4, 2022, Plaintiff filed its Complaint, asserting claims against Defendant for breach of contract or in the alternative unjust enrichment/quantum meruit and alleging damages in an amount "no less than $404,000." (Doc. 1).

---

[1] Plaintiff filed its initial Motion for Default Judgment on September 27, 2022. Following a hearing on same, this Court directed Plaintiff to file a renewed or amended motion for default to address concerns raised at the proceeding.

Plaintiff is a Delaware Corporation with its principal location in Ontario, Canada which "operates a technology platform that brings together equipment owners with equipment renters and purchasers." (Doc. 1, ¶ 1).   Defendant is a Wyoming Corporation registered to do business in Florida which primarily engages in construction (Doc. 1, ¶ 2).

In July 2021, Plaintiff entered into a series of contracts with Defendant to provide Defendant with the rental of several pieces of heavy construction machinery (Doc. 1, ¶ 12). Each piece of machinery had a separate quote and accompanying terms and conditions to which Defendant assented before any piece of equipment was delivered. (Doc. 1, ¶¶ 13-14; Doc 1-2). At the end of the rental period, Defendant returned the equipment but failed to make any payment, leaving a balance of $404,190.88 which remains outstanding. (Doc. 1, ¶¶ 17-18).

Plaintiff subsequently filed its Complaint to which Defendant failed to serve an Answer or responsive pleading. Following Defendant's failure to appear, Plaintiff filed a Motion for Entry of Default against Defendant (Doc. 13) which the Clerk of Court entered (Doc. 14). Plaintiff then moved for entry of a default judgment against Defendant (Doc. 16). Following a hearing on same, Plaintiff filed a Renewed Motion for Default Judgment which is currently pending before this Court. (Doc. 22).

## II.   Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th

Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[3] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where, as here, the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at

681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. . . . However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2). Notwithstanding, a court must assure that a legitimate basis exists for any damage award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

### III.   Discussion

Upon review of the filings and two hearings on same, and for the reasons stated below, it is recommended that the judgement, including fees and costs, be entered against Defendant.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

As a preliminary matter, this Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000.000, exclusive of interests and costs. (Doc.1, ¶¶ 1-3). This Court must also ensure it has personal jurisdiction over the defaulting defendant. *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018). For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th

Cir. 2013). Here, by claiming that Defendant registered to do business in Florida and the services Plaintiff rendered to Defendant were furnished in Polk County, Florida (Doc. 1, ¶¶ 2, 11-12), it appears that Plaintiff alleges personal jurisdiction is proper under Florida's long-arm statute. *See* Fla. Stat. § 48.193 (stating that any person "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state" subjects himself or herself to the jurisdiction of the state). Plaintiff's Complaint and Amended Motion for Default Judgment reveal well-pleaded factual allegations showing that Defendant engaged in business in Florida. (Doc. 1, ¶¶ 2, 7-16; Doc. 22-2; Doc 22-3). Therefore, Court finds that the exercise of personal jurisdiction over Defendant would be appropriate in this matter, notwithstanding the forum selection clause found in paragraph eighteen of the parties' agreement. See *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) (holding that the existence of an enforceable forum selection clause does not render an otherwise proper venue improper).

### B. Proper Service of Process

Furthermore, in seeking a default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment."

*Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Here, Defendant executed a Waiver of the Service of Summons on July 1, 2022, acknowledging that it had until July 12, 2022, to file a response to Plaintiff's Complaint which Plaintiff filed with the court. (Doc. 10). Despite its waiver and acknowledgment, Defendant failed to file an Answer to Plaintiff's Complaint or otherwise make an appearance on the record. As more than 60 days have passed since the service waiver was sent, a clerk's default was properly entered against Defendant (Doc. 14).

### C. Liability and Damages

As a result of Defendant's default in this action, Plaintiff's well-pled allegations in its Complaint are deemed to be admitted. Accordingly, Plaintiff now moves for entry of default judgement on its claim of breach of contract or, in the alternative, unjust enrichment, each to be addressed in turn.

### i. Breach of Contract

To properly evaluate Plaintiff's breach of contract claim, the proper law to be applied must first be established. A federal court exercising diversity jurisdiction, such as in this matter, applies the forum state's choice-of-law rules. *Boardman*

*Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Florida courts generally enforce contractual choice-of-law provisions unless the chosen forum's law contravenes strong public policy. *Kasparov v. Schnorenberg*, Case No. 3:15-cv-1093-J-32PDB, 2016 WL 8846261, at *8 (M.D. Fla. Aug. 16, 2016) (citing *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000)). Here, the agreement between the parties explicitly provides that "[t]his Agreement shall be governed and construed in accordance with the laws of the state of New York if the Owner resides or has its principal office in the United States." (Doc. 1-2 at p. 2, ¶ 28). The term "Owner" is further defined within the agreement as "the person, company, firm, or public authority renting the Equipment to be rented." (Doc. 1-2 at p. 2, ¶ 28). Here, the Equipment provided to Defendants by Plaintiff was owned by four separate companies each located in Florida (Doc. 22-1, ¶ 10). Therefore, to the extent the parties were in privity of contract as discussed below, New York law governs the agreement.

The elements for breach of contract under New York law are: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994). Accepting Plaintiff's well-plead allegations as true, Plaintiff has stated a valid claim for breach of contract.

As to the existence of a contract, Plaintiff alleges that in 2021 it agreed to supply Defendant with construction equipment rentals to assist with a construction project in Polk County, Florida. (Doc. 1, ¶¶ 11-12; Doc. 22 at 1). For each piece of

equipment to be rented, Defendant provided a price quote and accompanying rental agreement to Defendant to which Defendant agreed to before any piece of equipment was delivered. (Doc. 1, ¶¶ 13-14; Doc 1-2; Doc 22. at 1). From July 2021 through December 2021, Plaintiff provided equipment to Defendant on six separate occasions, with the last of the equipment being returned in December 2021. (Doc. 1, ¶ 12; Doc. 22 at 1).

Defendant has provided this Court with copies of the six price quotes and accompanying rental agreements (hereinafter "Agreement(s)") which are identical. (Doc. 1-1). Notably, though Plaintiff is referenced within the Agreements, the Agreements themselves list the contracting parties as Owner, defined as "the person, company, firm or public authority renting the Equipment to be rented" and "Renter," defined as "the person, company, firm or public authority renting the Owner's Equipment" and delegate the duties, responsibilities, and agreements of each party therein. (Doc 1-1 at p. 2, ¶¶ 1-2). Therefore, on its face, the Agreements merely establish privity of contract between Defendant and the four Florida owners of the equipment Defendant rented. However, when viewed in conjunction with the accompanying price quotes and the parties' course of dealings, this Court is satisfied that the parties intended to create a contractual relationship for which the provisions of the Agreements applied. *See New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 31 (2d Cir. 1997) ("Evidence of a prior course of dealing may establish a party's awareness of and consent to intended contractual terms."). In *New Moon*, the Court specifically highlighted that a party may ratify terms by failing to object:

Specifically, terms repeated in a number of written confirmations may, over time, become part of later contracts. [For example,] [w]here a manufacturer has a well-established custom of sending purchase order confirmations containing an arbitration clause, a buyer who has made numerous purchases over a period of time, receiving in each instance a standard confirmation form which it either signed and returned or retained without objection, is bound by the arbitration provision.

*Id.* (internal quotations and citations omitted).

Much like the example provided above, here, prior to the delivery of each piece of equipment, Plaintiff presented Defendant with a price quote and accompanying rental agreement. On its face, each price quote plainly identifies that "DOZR" and Defendant were engaging in a transaction for the rental of a specific piece of construction equipment for a set duration. (Doc. 1-1). The accompanying Agreements provide additional context for each transaction and detail specific rights and duties to be maintained by both "DOZR" and Defendant as "Renter." (Doc. 1-1). Enumerated amongst these provisions are the rights of "DOZR" to: 1) retain the Renter's credit card information unless a line of credit has been established; 2) repossess the equipment if payment was not made within three days of its due date; and 3) approve requests for rental extension. (Doc 1-1 at p. 2, ¶¶ 5-6, 27). On six separate occasions in June and July 2021, Defendant received these individualized price quotes with the accompanying Agreements and made no objection but instead chose to subsequently accept delivery of each piece of equipment. (Doc 1. ¶ 12-14; Doc. 1-1; Doc. 22 at 1). Therefore, based on the parties' course of dealings, this Court finds that the parties intended for the provisions of the Agreement to bind their transactions as well thus establishing privity of contract between "DOZR" and

10

Defendant.[4] *See Well Luck Co. v. F.C. Gerlach & Co.*, 421 F. Supp. 2d 533, 539 (E.D.N.Y. 2005) ("Under New York law, a contract is interpreted to effectuate the parties' reasonable expectations."). Notably, two sister entities do business under the name "DOZR" – DOZR Ltd. and DOZR Inc. To determine with what entity Defendant was contracting, this Court must again look to the provisions of the Agreement which state "'DOZR' means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR Ltd. if the Owner resides or has its principal office in the United States." (Doc. 1-2 at p. 2, ¶ 1). Here as the Owners of the equipment rented were located in Florida, DOZR Ltd. would be the proper entity to bring suit. (Doc 22-1 ¶ 10). Therefore, the existence of a contract has been established.

Next, accepting Plaintiff's allegations as true, Plaintiff has established it performed under the contract through its delivery of the construction equipment (Doc. 1, ¶¶ 12-16). Moreover, Defendant materially breached the Agreement by failing to pay the balance on its account (Doc. 1, ¶ 10). Finally, Plaintiff has suffered

---

[4]  Moreover, even if not found in direct privity of contract, DOZR Ltd. could recover under the Agreement as a third-party beneficiary. *See Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005) ("A contractual requirement that the promisor render performance directly to the third party shows an intent to benefit the third party."); *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 249 (2d Cir.2002) (finding an intended third-party beneficiary where the third party was a direct beneficiary of the promisor's promise and where performance of the promisor's obligations was rendered directly to the third party). *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42 (2d Cir. 2012) ("Under New York law, a third party may enforce a contract when recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.") (internal quotations and citations omitted).

damages in the amount of $380,541.64[5]. Therefore, it is recommended that default judgment be entered against for Defendant for breach of contract under Count I of the Complaint with damages totaling $380,541.64, plus pre-judgment interest, as discussed below.

### ii.  Prejudgment Interest

As part of its damages calculation, Plaintiff also seeks prejudgment interest. The Eleventh Circuit has held that "[s]tate law determines whether a successful litigant is entitled to prejudgment interest." *Seb S.A. v. Sunbeam Corp.*, 148 F. App'x. 774, 793 (11th Cir. 2005). Therefore, as this court has found Plaintiff meritorious on its breach of contract claim, New York law will apply to the determination of Plaintiff's entitlement to prejudgment interest. Under Section 5001 of the New York Civil Practice Law and Rules, prejudgment interest is available to the prevailing party in a breach of contract action. Moreover, "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred." N.Y. C.P.L.R. 5001 (McKinney 2023). In this instance, the terms of the Agreement dictate the payment was due on the day of delivery. Therefore, as these payments never occurred, prejudgment interest is calculated based upon the delivery date for each series of equipment at a rate of 9% pursuant to N.Y. C.P.L.R.

---

[5] In both its Complaint and Renewed Motion for Default, Plaintiff seeks restitution for the totality of the six price quotes which it claims total $404,190.88. However, the actual summation of the six quotes as provided to the Court and listed in Plaintiff's Renewed Motion for Default is $380,541.64.

5004[6] as shown below. *See Albany Molecular Rsch., Inc. v. Waterville Valley Techs., Inc.*, 323 F.R.D. 489 (N.D.N.Y. 2018) ("Plaintiff has shown that it is entitled to pre-judgment interest under N.Y. C.P.L.R. 5001. Pursuant to N.Y. C.P.L.R. 5004, the interest is 9 per centum per annum.") (citing *FCS Advisors, Inc. v. Fair Finance Co.*, 605 F.3d 144 (2d Cir. 2010)).

| Quote # | Payment Due Date | Amount Due | Interest Rate | Interest through 12/5/2023 |
|---------|------------------|------------|---------------|---------------------------|
| V47R6FG | 7/22/2021 | $ 28,255.27 | 9% | $ 6,031.15 |
| L2LPYBV | 7/26/2021 | $ 72,881.98 | 9% | $ 15,484.92 |
| H48D37F | 8/19/2021 | $ 38,776.80 | 9% | $ 8,014.85 |
| K8YZ536 | 7/6/2021 | $ 154,959.76 | 9% | $ 33,687.83 |
| EETF9AL | 7/22/2021 | $ 35,955.63 | 9% | $ 7,674.80 |
| 53C78LL | 7/19/2021 | $ 49,712.20 | 9% | $ 10,647.94 |

Accordingly, it is recommended that prejudgment interest be awarded to Plaintiff in the amount of $81,541.49 as to December 5, 2023, the date of this Order.

### iii. Unjust Enrichment

Plaintiff asserts an alternative cause of action for unjust enrichment. Though this Court finds Plaintiff meritorious on its breach of contract claim, in the alternative, Plaintiff also prevails on its unjust enrichment claim. As a preliminary matter, "a plaintiff cannot pursue a . . . claim for unjust enrichment if an express contract exists concerning the same subject matter." *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579 (11th Cir. 2013) (quoting *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. 1st Dist. Ct. App. 2008) (internal quotations omitted). Therefore, assuming there was no privity of contract between

---

[6] Though the parties' Agreement provides that interest shall be calculated at a rate of 24% where applicable, New York law prohibits the calculation of prejudgment interest at a rate higher than 9%.  N.Y. C.P.L.R. 5004 (McKinney 2023)

the parties, the choice of law provision in the Agreement would not be applicable, and Florida law should be applied to Plaintiff's claim. Under Florida law, to bring a cause of actions for unjust enrichment, a plaintiff must establish: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[ ] to retain it without paying the value thereof." *Cimaglia v. Moore*, 724 F. App'x 695, 698 (11th Cir. 2018) (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)) (internal quotations and citations omitted).

In this instance, Plaintiff has established that it conferred a benefit on Defendant when it provided Defendant with the construction equipment for rental (Doc. 1, ¶¶ 12-16). Moreover, Defendant voluntarily accepted this benefit and retained it for months. (Doc. 1, ¶¶ 15-18). Finally, to allow Defendant to benefit from its use of the equipment without payment would be inequitable. Therefore, for the foregoing reasons, Plaintiff would succeed on this claim in the alternative. *See Kenf, L.L.C. v. Jabez Restorations, Inc.*, 303 So. 3d 229 (Fla. 2d Dist. Ct. App. 2019) (allowing contractor to recover against rental property owner for use of dehumidifiers under theory of unjust enrichment where no formal contract between the parties existed).

### IV.   Conclusion

Accordingly, it is hereby

RECOMMENDED:

1.      Plaintiff's Motion for Default Judgment against Defendant be
        GRANTED.

2.      A default judgment as to Count I be entered against Defendant in the
        amount of $380,541.64.

3.      Plaintiff shall be awarded $81,541.49 in prejudgment interest.

4.      Default judgment as to Count II be denied without prejudice as moot.

IT IS SO REPORTED in Tampa, Florida, this 5th day of December, 2023.


_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:    Hon. Thomas P. Barber
       Counsel of Record