UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOZR, LTD.,

        Plaintiff,

v.                                                           Case No. 8:22-cv-1042-TPB-AEP

BIGHORN CONSTRUCTION
AND RECLAMATION, LLC,

        Defendant.

_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion to Determine Entitlement to an Award of Attorney's Fees. (Doc. 29). Plaintiff DOZR, LTD ("Plaintiff") initiated this action against Defendant BIGHORN CONSTRUCTION AND RECLAMATION ("Defendant") for breach of contract, or in the alternative, unjust enrichment/quantum meriut, seeking damages arising from a dispute involving the rental or construction equipment (Doc. 1). Defendant failed to respond to Plaintiff's Complaint, and on December 21, 2023, a default judgement in favor of Plaintiff on its breach of contract claim was entered in the amount of $462,083.13. (Doc. 28). Plaintiff now seeks reimbursement of its attorney's fees and litigation expenses. (Doc. 29).

Local Rule 7.01 prescribes a bifurcated procedure for determining attorney's fees, noting that "[a] party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a

supplemental motion on amount." M.D. Fla. R. 7.01(a). Accordingly, having reviewed Plaintiff's motion and the filings therein, this Court finds that Plaintiff is entitled to the reasonable attorney's fees and costs expended during the course of this litigation. This Court previously determined that pursuant to the choice of law provision in the parties' agreement, all disputes arising under the agreement were to be governed by New York law. (Doc. 26 at 8). Under New York law, a prevailing party may recover attorney's fees and costs where authorized by agreement between the parties, statute, or court rule. *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 904 (1989). Here, the agreement between the parties provided that the renter of the equipment was to be "responsible for all costs and expenses, including legal fees, incurred by DOZR in exercising any rights or remedies under this Agreement." (Doc. 1-2 at p.2, ¶ 11). Therefore, having previously found Defendant to be the renter of the equipment, Plaintiff as the prevailing party under the default judgment is entitled to attorney's fees and costs. For the foregoing reasons, it is hereby

ORDERED:

1. Plaintiff's Motion to Award Attorneys' Fees (Doc. 29) is granted.

2. Plaintiff shall file a supplemental motion for attorney's fees and costs that complies with Local Rule 7.01(c).

DONE AND ORDERED in Tampa, Florida, on this 11th day of January 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record