UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOZR, LTD.,

    Plaintiff,

v.     Case No. 8:22-cv-1042-TPB-AEP

BIGHORN CONSTRUCTION
AND RECLAMATION, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Supplement (Doc. 34) which this Court construes as a Supplemental Motion for Attorneys' Fees. By the Motion, Plaintiff DOZR, LTD. ("Plaintiff") seeks an award of $12,790 in attorneys' fees and $1,275 in costs. Upon consideration, the undersigned recommends that Plaintiff's Motion (Doc. 34) be granted in part and denied in part.

**I.     Background**

On May 4, 2022, Plaintiff initiated this action against Defendant BIGHORN CONSTRUCTION AND RECLAMATION ("Defendant") for breach of contract, or in the alternative, unjust enrichment/quantum meriut, seeking damages arising from a dispute involving the rental of construction equipment. (Doc. 1). Defendant failed to respond to Plaintiff's Complaint, and on December 21, 2023, a default judgement in favor of Plaintiff on its breach of contract claim was entered in the amount of $462,083.13. (Doc. 28). On January 2, 2024, Plaintiff timely filed a

Motion for Attorney's Fees, seeking a determination as to entitlement. (Doc. 29). Pursuant to Local Rule 7.01, this Court preliminary found Plaintiff was entitled to fees and costs[1] and directed Plaintiff to file a supplemental motion detailing same in compliance with Local Rule 7.01(c). (Doc. 30). Pending now before the Court is Plaintiff's Supplemental Motion for Attorney's Fees whereby Plaintiff seeks $12,790 in attorneys' fees and $1,275 in costs. (Doc. 34).

## II.     Discussion

Under New York Law, a reasonable award of attorney's fees is determined using the lodestar method. *Podhorecki v. Lauer's Furniture Stores, Inc.*, 184 A.D.2d 1066, 585 N.Y.S.2d 268 (1992). Under this method, a court will determine counsel's reasonable hourly rate and then multiply this figure by the number of hours reasonable expended on the litigation. *RMP Cap. Corp. v. Victory Jet, LLC*, 139 A.D.3d 836, 839, 32 N.Y.S.3d 231 (2016). At the court's discretion, this lodestar figure may then be adjusted by a number of factors to include:

> (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services;

---

[1] As indicated in this Court's prior Order (Doc. 32), New York law governs this matter. Under New York law, a prevailing party may recover attorney's fees and costs where authorized by agreement between the parties, statute, or court rule. *S. Coal Corp. v. Drummond Coal Sales, Inc.*, 28 F.4th 1334, 1344 (11th Cir. 2022); *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 904 (1989). Here, the agreement between the parties provided that the renter of the equipment was to be "responsible for all costs and expenses, including legal fees, incurred by DOZR in exercising any rights or remedies under this Agreement." (Doc. 1-2 at p.2, ¶ 11). Therefore, having previously found Defendant to be the renter of the equipment, Plaintiff, as the prevailing party under the Agreement, is entitled to attorney's fees and costs.

> (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved.

*Id.* at 840. (internal quotations omitted). Thus, though the fee applicant bears the initial responsibility of establishing the reasonableness of its requested fees, a court may use its own judgment and experience in assessing same as it is ultimately within the sound discretion of the court to determine what constitutes reasonable attorney's fees. *Id.* at 839–40.

### a. Reasonable Hourly Rate

In the instant case, Plaintiff's counsel seeks hourly rates of $384.14 per hour for attorney Jason Lambert, $315.00 per hour for attorney Sarah Papadelias, $260.00 per hour for attorney Christopher Odgers, and $172.50 per hour for paralegal Jessica Lovins. (Doc. 34, p. 2). In support thereof, Plaintiff maintains that Mr. Lambert has been practicing law for over 11 years and in 2022 was Board Certified by the Florida Bar in construction law. (Doc. 34, p. 2). Meanwhile, Ms. Papadelias has been practicing law for over eight years in the areas of construction litigation, products liability, and media law. (Doc. 34, p. 3). Similarly, Mr. Odgers has been practicing law for over two years and has devoted his entire practice to construction law. (Doc. 34, p. 3). Ms. Lovins has been a commercial litigation paralegal since 2021. (Doc. 34, p. 3). Moreover, Plaintiff presents the affidavit of D. Michael Arendall, an attorney who also practices law in the state of Florida and asserts to be familiar with the fees customarily charged by attorneys in this District. (Doc. 34-2). Mr. Arendall opines that the hourly rates of the attorneys and paralegal are reasonable and fair for attorneys of their experience in this District. (Doc. 34-2).

3

Having considered the experience of the respective attorneys, Mr. Arendall's opinion, and the Court's knowledge of market rates in the area, the undersigned finds that the requested rates are reasonable and recommends that they be granted.

### b. Reasonable Number of Hours Expended

Plaintiff asserts that 34.6 hours were reasonably expended on this matter by the attorneys and paralegals. Specifically, Plaintiff maintains that Mr. Lambert expended 24.9 hours, Ms. Papadelias expended 5.7 hours, Mr. Odgers expended 3.6 hours, and Ms. Lovins expended 0.4 hours. (Doc. 34, p. 2). Notably, Defendant has not filed any response or objection to the requested relief. Accordingly, upon its own review of counsel's billing records, this Court finds that none of the billing entries appear excessive, redundant, or otherwise unnecessary. (*See* Doc. 47-1). However, there does appear to be a clerical error as the unredacted billing records submitted by counsel for consideration indicate that Ms. Papadelias expended 5.6 hours on this matter and Ms. Lovins expended 0.5 hours. Based on the foregoing, the lodestar for Mr. Lambert's fees is the reasonable hourly rate of $384.14 multiplied by the 24.9 hours reasonably expended for a total of $9,565.09 The lodestar for Ms. Papadelias' fees is the reasonable hourly rate of $315 multiplied by the 5.6 hours reasonably expended for a total of $1,764. The lodestar for Mr. Odgers' fees is the reasonable hourly rate of $260 multiplied by the 3.6 hours reasonably expended for a total of $936. The lodestar for Ms. Lovins' fees is the reasonable hourly rate of $172.50 multiplied by the 0.5 hours reasonably expended for a total of $86.25. As such, the total lodestar sum is $12,351.34.

### c. Costs

Finally, Plaintiff seeks $1275 in costs attributed to having Mr. Arendall serve as a fee expert in the matter. In his affidavit, Mr. Arendall maintains that he spent 3.4 hours reviewing Plaintiff's billing records at a rate of $375.00. (Doc. 34-2, ¶ 17). Thus, Plaintiff has incurred a $1275 cost in this matter. (Doc. 34-2, ¶ 17). "A district court has no discretion to award costs not authorized by statute or contractual provision, . . . [b]ut if costs are authorized, the determination of amounts is vested in the sound discretion of the district court. *United States v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 171 (2d Cir.1996) (internal citations omitted). Here, as previously found by this court, the parties' contract provided that Defendant was "responsible for all costs and expenses, including legal fees, incurred by DOZR in exercising any rights or remedies under this Agreement." (Doc. 1-2 at p.2, ¶ 11). Accordingly, having reviewed Mr. Arendall's affidavit, the undersigned recommends Plaintiff be granted $1275 in costs.

## III. Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Supplemental Motion for Attorneys' Fees (Doc. 34) be
   GRANTED IN PART AND DENIED IN PART AS FOLLOWS:
   
   a. Plaintiff is awarded attorneys' fees in the amount of $12,351.34.
   
   b. Plaintiff is awarded costs in the amount of $1,275.

IT IS SO REPORTED in Tampa, Florida, this 9th day of April 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Thomas P. Barber
      Counsel of Record